21 F.3d 422
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 THEVARATHANTHRIGAE NIHAL GUNAWANSA, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-1807.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 24, 1994.
Decided March 11, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A16-058-008)
 Donald L. Schlemmer, Washington, D.C., for petitioner.
 Frank W. Hunger, Asst. Atty. Gen., Richard M. Evans, Asst. Director, Office of Immigration Litigation, Ellen Sue Shapiro, Civil Division, United States Department of Justice, Washington, D.C., for respondent.
 I.N.S.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Thevarathanthrigae Nihal Gunawansa ("Petitioner"), a citizen of Sri Lanka, appeals from a Board of Immigration Appeals ("the Board") order that denied his requests for asylum and withholding of deportation, and his motion to reopen. Because we find that substantial evidence from the record as a whole supports the Board's denial of asylum and withholding of deportation and that the Board did not abuse its discretion in denying Petitioner's motion to reopen, we affirm the Board's order.
 
 
 2
 Petitioner was first admitted to the United States as a nonimmigrant crewman in 1985, and illegally remained in this country after his ship departed. In 1987, Petitioner was convicted of conspiracy with intent to distribute heroin and was sentenced to five years imprisonment. He was charged with deportability based upon both his overstay in the United States and his criminal conviction.
 
 
 3
 Petitioner filed an application for asylum and alleged that he was afraid to return to Sri Lanka because he believed he would be the victim of violent attacks from certain militant groups due to his political activities and because he cooperated with the United States government in convicting another Sri Lankan whose brother was a member of a militant group in Sri Lanka. After numerous delays, the immigration judge found Petitioner ineligible for asylum or withholding of deportation. Petitioner appealed that decision to the Board and moved for remand due to ineffective assistance of counsel while his appeal was pending with the Board. The Board denied relief and Petitioner appealed.[1] This Court must uphold the Board's decision if it is supported by substantial evidence from the record as a whole. INS v. Elias-Zacarias, 60 U.S.L.W. 4130, 4131 (U.S.1992). This Court can reverse the Board only if the evidence presented by Petitioner "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 4132.
 
 
 4
 Under 8 U.S.C.A. Sec. 1158(a) (West. Supp.1993), the Attorney General has discretion to grant an alien political asylum if the Attorney General determines the alien is a refugee within the meaning of 8 U.S.C.A. Sec. 1101(a)(42)(A) (West Supp.1993), which states that a refugee is any person who is unable to return to his country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." The standard for proving a "well-founded fear of persecution" is the "reasonable person test." M.A. A26851062 v. INS, 899 F.2d 304, 311 (4th Cir.1990) (en banc). An individual seeking asylum under this standard must show:
 
 
 5
 (1) that a reasonable person in the circumstances would fear persecution; and
 
 
 6
 (2) that the fear has "some basis in the reality of the circumstances" and is validated with "specific, concrete facts."
 
 
 7
 Id. Petitioner must also show that his fear of persecution stems directly from one of the five categories of persecution listed in Sec. 1101. If eligibility under the statute is established, there is then a discretionary determination concerning asylum by the Attorney General. Diaz-Escobar v. INS, 782 F.2d 1488, 1491 (9th Cir.1986).
 
 
 8
 The Board determined that Petitioner failed to demonstrate that a reasonable person in his circumstances would fear persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. The Board noted that Petitioner is a member of the ethnic group that comprises the majority of Sri Lankans and that he and his family are members of the political party to which the country's president and the majority of the country's parliament belong. The Board continued that Petitioner's fear of harm by militant Tamils is speculative and that his fear of retaliation from another militant group is based on personal animosity, not political concerns. The Board also found that Petitioner failed to establish a well-founded fear of persecution merely on the basis of living in the political unrest of Sri Lanka. Because the Board found that Petitioner failed to establish his statutory eligibility for asylum, it properly did not address whether he merited such relief as a matter of discretion.
 
 
 9
 We find that substantial evidence in the record as a whole supports the Board's decision to deny Petitioner asylum. Though Petitioner asserts that he engaged in anti-Tamil activities between 1978 and 1985, he does not establish that the Tamils knew of his participation in such activities or that they actually threatened or harmed him in any way. Petitioner fears reprisal from members of the "JVP," another Sri Lankan militant group, because his cooperation with the United States government led to the conviction of a Sri Lankan whose brother allegedly is a powerful member of the JVP. As the Board determined, even if members of the JVP seek to harm Petitioner, he has not established that the threat of harm is based on his race, religion, nationality, membership in a particular social group, or political opinion.
 
 
 10
 In order to qualify for withholding of deportation, Petitioner must prove a probability of persecution, a more stringent standard than a well-founded fear of persecution. 8 U.S.C.A. Sec. 1253(h) (West Supp.1993); Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 1000 (4th Cir.1992). The Board's determination that Petitioner did not meet the asylum standard necessarily means that he did not meet his burden on his more difficult withholding of deportation claim. Id. (citations omitted).
 
 
 11
 The Board also found that Petitioner was ineligible for withholding of deportation because of his criminal conviction for his participation in a drug conspiracy with intent to distribute heroin. Withholding of deportation is not available to an alien who, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States. 8 U.S.C.A. Sec. 1253(h)(2)(B) (West Supp.1993). Since substantial evidence in the record as a whole supports the Board's order concerning denial of withholding deportation on this basis, we affirm the Board's order in that regard.
 
 
 12
 The Board properly rejected petitioner's argument that his deportation would constitute a violation of international law. See Matter of Medina, 19 I & N Dec. 734 (BIA 1988).
 
 
 13
 Petitioner alleges that he was denied due process because he received ineffective assistance of counsel in relation to his application for asylum. He asserts that his attorney failed to submit a number of documents in support of his application for asylum and failed to properly present a requested witness at his hearing.
 
 
 14
 Whether alleged ineffective assistance of counsel rises to the level of a due process violation presents a mixed question of law and fact, and is therefore subject to de novo review. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir.1989). To prevail on a claim of ineffective assistance of counsel at a deportation proceeding, Petitioner must establish not only ineffective representation, but also prejudice to him that resulted from counsel's ineffective performance. Id.
 
 
 15
 The Board determined that even if Petitioner established that he received ineffective assistance of counsel, he was not prejudiced by the lawyer's performance because even when the record is considered with the evidence that Petitioner sought to present, he fails to establish a prima facie case for asylum. As the Board noted, evidence concerning general conditions in Sri Lanka was insufficient to establish a well-founded fear of persecution, letters and statements from others in Sri Lanka only corroborated Petitioner's testimony and did not "add new information," there was still no evidence that militant Tamils sought to harm Petitioner because of his political activities, and his claims in regard to the JVP were still meritless because they "are looking for him for personal reasons." The Board noted that Petitioner's evidence concerning his performance while incarcerated and his activities since his release are relevant only to discretionary asylum and need not be considered since he failed to establish asylum under the statute. Since, as the Board found, Petitioner was not prejudiced by the performance of his counsel at his asylum hearing, his due process claim of ineffective assistance is meritless.
 
 
 16
 This Court reviews the Board's denial of a motion to reopen based on an alien's failure to establish prima facie eligibility for asylum under an abuse of discretion standard. M.A., 899 F.2d at 308. Denial of a motion to reopen "must be reviewed with extreme deference" since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. Id. Since, as previously discussed, Petitioner's claim of ineffective assistance is meritless and since substantial evidence supports the Board's denials of asylum and of withholding of deportation, the Board did not abuse its discretion in denying Petitioner's motion to reopen.
 
 
 17
 For these reasons, we affirm the Board's order. We deny Petitioner's motion for oral argument in this Court because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.[2]
 
 AFFIRMED
 
 
 [1]
 Petitioner filed his Petition for Review in the Court of Appeals for the District of Columbia Circuit, which transferred the petition to this Court
 
 
 [2]
 We also deny Petitioner's "Motion for Enlargement on Bond Pendente Lite."